# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| JOHN LAKKARD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JEFFERSON CAPITAL SYSTEMS LLC,<br><br>　　　　　Defendant. | Case No.: 17-cv-1685<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　　This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.　　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　　Plaintiff John Lakkard is an individual who currently resides in the Eastern District of Wisconsin (Milwaukee County).

4.　　Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5.　　Defendant Jefferson Capital Systems, LLC ("JCS") is a foreign limited liability company and debt collection agency with its principal place of business located at 16 McLeland

Road, St. Cloud, Minnesota 56303.  Its registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive Suite 400, Madison, Wisconsin 53717.

6.  JCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.  JCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.  JCS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *September 12, 2017 Letter*

8.  On or about September 12, 2017, JCS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "FIRST PREMIER BANK (FPB)" ("FPB") and with the description "PREMIER BANKCARD MC."  A copy of this letter is attached to this Complaint as Exhibit A.

9.  Upon information and belief, the alleged debt referenced in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

10.  Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.  Upon information and belief, Exhibit A is a form debt collection letter used by JCS to attempt to collect alleged debts.

12.  Upon information and belief, Exhibit A was the first letter that JCS sent to Plaintiff regarding this alleged debt.

13.  Exhibit A contains the following:

2

> **NOTICE:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.
>
> If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Exhibit A.

    14.    Exhibit A also states the following:

> **THIS COMMUNICATION IS FROM A DEBT COLLECTOR IN CONNECTION WITH THE ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
> *SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

Exhibit A.

    15.    The "back of this page" contains the following:

> **Notice of Important Information:** Consumers have rights including, but not limited to those rights listed below:

Exhibit A.

    16.    The only information Exhibit A provides "below" is:

> **Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks:** Any check, money order or other instrument tendered as an accord in satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsement or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction of a disputed or undisputed debt (collectively, a "Condition") must only be sent to us at PO Box 7999, Department R, Saint Cloud, MN 56302-7999. You must note conspicuously on the face of the payment instrument that it is tendered for this purpose. We reserve the right to refuse to accept any payment that is subject to a Condition. If the payment does not comply with the foregoing and we process it, we will not be bound by any Condition.

Exhibit A.

    17.    The "Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks" information is not a statement of "consumer rights." On the contrary, this information states that JCS and/or FPB reserve the right to process a payment as a partial payment even if it is "tendered as an accord in satisfaction." Exhibit A.

    18.    The unsophisticated consumer would be confused about the consumer rights which were purportedly "listed below" the "Notice of Important Information." *Papetti v. Rawlings Fin. Servs., LLC,* 121 F. Supp. 3d 340, 350 (S.D.N.Y. 2015) ("The consumer, once misdirected to turn to the reverse side of the letter to find 'important information,' cannot be

expected to know, with certainty, that the separately enclosed document in fact contains this 'important information.' The consumer cannot even be expected to know what the undescribed 'important information' is.").

19. The consumer would be misled to believe that Exhibit A did not provide all of the information that it was supposed to be.

20. Upon information and belief, the purpose of the statement that "consumers have rights including, but not limited to those rights listed below" but then not listing any consumer rights below is to confuse the unsophisticated consumer and induce alleged debtors to call Defendant's offices, whereupon Defendant uses high-pressure tactics to induce alleged debtors into paying the debts Defendant is collecting.

21. Sending letters that make it impossible for the debtor to determine whether they have been apprised of all of their consumer rights is communication in a manner that can reasonably be expected to harass the consumer.

### *October 27, 2017 Letter*

22. On or about October 27, 2017, JCS mailed another debt collection letter to Plaintiff regarding the same alleged debt, allegedly owed to "FIRST PREMIER BANK (FPB)" ("FPB") and with the description "PREMIER BANKCARD MC." A copy of this letter is attached to this Complaint as Exhibit B.

23. Upon information and belief, the alleged debt referenced in Exhibit B is an alleged credit card account, used only for personal, family or household purposes.

24. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

25. Upon information and belief, Exhibit B is a form debt collection letter used by JCS to attempt to collect alleged debts.

26. Exhibit B contains the following settlement offer:

We would like to offer you two flexible options to resolve the above Amount of Debt.

**OPPORTUNITY #1**
Pay off this account with a lump sum payment of $520.75. The amount of the debt is $1,041.49 and we will accept $520.75.

**OPPORTUNITY #2 - Monthly Payments of $50.00**
We are able to set you up on the repayment schedule and discuss resolution of the amount of the debt.

844-362-9235 English and Español

MONEY GRAM
Provide the MoneyGram representative with the information below to complete a payment:
Receive Code: ▮15 • Your JCS Reference Number

PO BOX 772813, CHICAGO, IL 60677-2813

Exhibit B.

27. Exhibit B also contains the following:

PO BOX 1120
CHARLOTTE, NC 28201-1120

October 27, 2017

JCS Letter Code - IRPASO   831150   00004431
JeffersonCapital.WFD   Page 1 of 1

| Amount of the Debt | Offer Amount | Amount Enclosed |
|---|---|---|
| $1,041.49 | $520.75 | |

Please include your JCS Reference Number ▮▮▮▮9087 on the check or money order payable to: Jefferson Capital

☐ Change of Address? Please update on reverse side.

JOHN T LAKKARD

JEFFERSON CAPITAL SYSTEMS
PO BOX 772813
CHICAGO, IL 60677-2813

Exhibit B.

28. The reverse side of Exhibit B contains the following:

**Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks:** Any check, money order or other instrument tendered as an accord in satisfaction, or which includes a condition, including but not limited to post dated checks, restrictive endorsement or any statement to the effect that acceptance of such instrument shall constitute full or partial satisfaction of a disputed or undisputed debt (collectively, a "Condition") must only be sent to us at PO Box 7999, Department R, Saint Cloud, MN 56302-7999. You must note conspicuously on the face of the payment instrument that it is tendered for this purpose. We reserve the right to refuse to accept any payment that is subject to a Condition. If the payment does not comply with the foregoing and we process it, we will not be bound by any Condition.

Exhibit B.

29. Exhibit B is false, deceptive, misleading, confusing, and unconscionable on its face as to how Defendant will treat payments consumers tender in response to its settlement offer.

30. The first page of Exhibit B extends the consumer a "flexible option to resolve" the debt for roughly 50% of the alleged balance. Exhibit B.

31. Immediately below the offer, Exhibit B states three options for consumers who wish to tender the payment, including payment by telephone, payment through "Money Gram," and payment by mail to "PO BOX 772813, CHICAGO, IL 60677-2813." Exhibit B.

32. The first page of Exhibit B also includes a "tear-off" payment remittance slip, which provides the same PO Box 772813 address and a second address, "PO BOX 1120 CHARLOTTE, NC 28201-1120," as well as instructions to "include your JCS Reference Number []9087 on the check or money order payable to: Jefferson Capital." Exhibit B.

33. The reverse side of Exhibit B contains fine-print "Restrictive Endorsement/Accord and Satisfaction/Post Dated Checks" language, however. Exhibit B.

34. On its face, this fine-print language on the reverse side of Exhibit B is false, deceptive, misleading, confusing, and unconscionable because it directly conflicts with the terms of the settlement offer that is made on the face of Exhibit A.

35. The "Restrictive Endorsement" terms apply to "any check . . . which includes a condition . . . to the effect that . . . acceptance of such instrument shall constitute full or partial satisfaction of a disputed or undisputed debt." Exhibit B.

36. The plain meaning of the "Restrictive Endorsement" terms language is that the terms apply to payments tendered in acceptance of the settlement offer made on the first page of Exhibit A.

6

37. The "Restrictive Endorsement" terms require that the payment "must only be sent to [JCS] at PO Box 7999, Department R, Saint Cloud, MN 56302-7999." Exhibit B.

38. The "Restrictive Endorsement" terms also require the consumer to "note conspicuously on the face of the payment instrument that it is tendered for this purpose." Exhibit B.

39. The "Restrictive Endorsement" terms allow JCS to "refuse to accept any payment that is subject to a Condition." The "Restrictive Endorsement" terms further state that "if the payment does not comply with the foregoing and we process it, we will not be bound by any Condition." Exhibit B.

40. The instructions for how consumers should tender settlement payments on the first page directly conflict with the "Restrictive Endorsement" terms. Exhibit B.

41. A consumer following the instructions on the first page of Exhibit B could send a check to "PO BOX 772813, CHICAGO, IL 60677-2813," including the consumer's "JCS Reference Number[] on the check or money order payable to: Jefferson Capital." Exhibit B.

42. Because the consumer did not send the payment to JCS "at PO Box 7999, Department R, Saint Cloud, MN 56302-7999" and did not "note conspicuously on the face of the payment instrument that it [was] tendered" in full satisfaction of the debt, JCS could process the payment without JCS, or the creditor, being "bound by any Condition." Exhibit B.

43. Plaintiff was confused by Exhibits A and B.

44. The unsophisticated consumer would be confused by Exhibits A and B.

45. Plaintiff had to spend time and money investigating Exhibits A and B.

7

46. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibits A and B</u>.

### *The FDCPA*

47. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

48. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

49. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

51. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

52. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

## COUNT I – FDCPA

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54. Exhibit A misleads the unsophisticated consumer by telling the consumer that there are consumer rights "listed below" but not listing any consumer rights below.

55.     The practical effect of this misleading statement is that the unsophisticated consumer is induced to call the debt collector, which uses the contact as an opportunity to obtain information about the consumer and use other high-pressure debt collection tactics to attempt to induce the consumer to pay the debt.

56.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

## COUNT II – FDCPA

57.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58.     Exhibit B is a false, deceptive, misleading, confusing, and unconscionable means of collecting debt because it provides conflicting information and attempts to induce the unsophisticated consumer into tendering settlement payments that JCS can process without actually resolving the debt.

59.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692f(1).

## CLASS ALLEGATIONS

60.     Plaintiff brings this action on behalf of two Classes.

61.     Class I ("Confusing Consumer Rights Information Class") consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant in the form of Exhibit A to the complaint in this action, (c) seeking to collect an alleged debt incurred for personal, family or household purposes, (d) between July 12, 2016 and July 12, 2017, inclusive, (e) that was not returned by the postal service.

62.     Class II ("Conflicting Settlement Offer Language Class") consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant in the form of Exhibit B to the complaint in this action, (c) seeking to collect an alleged debt

incurred for personal, family or household purposes, (d) between July 12, 2016 and July 12, 2017, inclusive, (e) that was not returned by the postal service.

63. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

64. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and/or B violate the FDCPA.

65. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

67. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 12, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@admemilaw.com
bslatky@ademilaw.com